**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0473-16T2

TOWNSHIP OF GREENWICH, a
Municipal Corporation of
the State of New Jersey,

    Plaintiff-Respondent,

v.

BLOCK 117, LOT 1
ASSESSED TO RALPH
SABATINI, ULMER AVENUE,

    Defendant-Appellant.

_____

Submitted May 25, 2017 — Decided June 9, 2017

Before Judges Lihotz and O'Connor.

On appeal from Superior Court of New Jersey,
Chancery Division, Gloucester County, Docket
No. F-17156-15.

Ralph Sabatini, appellant pro se.

Ward Law Firm, attorneys for respondent
(John H. Shindle, on the brief).

PER CURIAM

    Defendant Ralph Sabatini appeals from an August 19, 2016

General Equity Part order denying his motion to vacate a final

default judgment in a tax sale foreclosure.  Defendant sought to vacate the default judgment on the ground he had not been served with plaintiff Greenwich Township's notice of foreclosure. Having reviewed defendant's arguments in light of the record and applicable principles of law, we reverse the order under review and remand for further proceedings.

The following facts are derived from the motion record. Defendant owned residential property located on Ulmer Avenue in Gibbstown.  The last time defendant paid any property taxes on this land was in 2011.  Plaintiff obtained tax sale certificates against the property and, in 2015, filed a verified in rem tax foreclosure complaint.  At that time, plaintiff owed over $20,000 in unpaid property taxes.  Defendant did not respond to the complaint and plaintiff eventually obtained a default final judgment against him.

Defendant filed a motion to vacate the default judgment. In his certification in support of the motion, defendant asserted he had not been served; he does not identify the document with which he had not been served, but it appears there is no dispute defendant was referring to the notice of foreclosure.

In response, one of plaintiff's attorneys certified he sent the notice to foreclose by regular and certified mail to

2

defendant at his last known address, located in Franklinville. Although not the property that was the subject of the foreclose action, the Franklinville address appears as defendant's address on the last municipal tax duplicate. See R. 4:64-7(c). However, both the regular and certified mail sent to the Franklinville address was returned to plaintiff, with a notation affixed by the Post Office on the front of both envelopes stating the mail was "not deliverable as addressed" and "unable to forward."

Another attorney for plaintiff certified he was posting copies of the notice to foreclose on telephone poles at the subject property when defendant appeared and identified himself. Plaintiff's attorney informed defendant who he was and why he was at the property. The attorney claims he then served defendant by handing him a copy of the page from the newspaper where the notice to foreclose appeared.[1]

---

[1]  It is not disputed plaintiff published a copy of the notice to foreclose in the South Jersey Times, a newspaper generally circulated in the municipality where the lands affected are located. See R. 4:64-7(b). Plaintiff also arranged to have a copy of the notice to foreclose posted in the Gloucester County Clerk's Office and in Greenwich Township's Tax Collector's Office. See R. 4:64-7(d). The latter Rule also requires a copy of the notice to foreclose be posted in "3 other conspicuous places within the taxing district in which the land is located." Ibid. Plaintiff is taking the position the posting of the notice on telephone poles on defendant's property fulfilled the latter condition.

3

The attorney further certified defendant's attorney then contacted him to discuss resolving the matter. Plaintiff's attorney advised defense counsel the only way defendant could prevent the tax sale foreclosure was to pay the outstanding property taxes. When defendant did not do so, plaintiff pursued and eventually obtained the default final judgment against him.

In his certification in reply, defendant again claimed he had never been served, asserting the first time he saw any pleadings in this matter was when he examined the court's file after the final judgment was entered. Defendant's attorney submitted a certification claiming he had discussions with plaintiff's counsel about assigning the tax sale certificate to a third party, but the defense attorney claims he did not discuss "service of process or a deadline[] for filing answers or deadlines for paying off taxes. My conversations were strictly limited to trying to get an assignment of the tax sale certificate."

The court denied the motion. In its brief decision, the court observed defendant claimed he had never been served, but:

> It appears from the opposition that Mr. Sabatini was served with [the] Notice of the Foreclosure personally, and also consulted with [defense] counsel, who contacted [plaintiff's counsel].

4

The court also noted it received a copy of a letter from plaintiff's counsel to defendant after he was allegedly served with the notice of foreclosure. The court then concluded defendant had been properly served with the notice of foreclosure and denied defendant's motion.

The court did not state how it determined plaintiff's attorney served defendant in light of the parties' conflicting certifications. The court appeared to have placed some weight on the letter from plaintiff's counsel to defendant. However, we note that, while the letter references "previous conversations" between plaintiff's counsel and defendant, and plaintiff's counsel advises defendant of the redemption amount, there is no reference in the letter to the foreclosure complaint or pending litigation.

On appeal, defendant contends plaintiff failed to serve him with the notice of foreclosure and, thus, the court erred when it did not vacate the default judgment of foreclosure. We review defendant's contention for abuse of discretion. Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012).

A tax sale foreclosure judgment is void where there was defective service of process on the property owner. M & D Assocs. v. Mandara, 366 N.J. Super. 341, 352-53 (App. Div.),

5

<u>certif. denied</u>, 180 <u>N.J.</u> 151 (2004).  Service of process is governed by <u>Rule</u> 4:64-7, which provides:

> The plaintiff shall, within 7 days after the date of publication of the notice of foreclosure, serve a copy thereof in the manner hereinafter provided on each person whose name appears as an owner in the tax foreclosure list at his or her last known address as it appears on the last municipal tax duplicate.  The plaintiff shall also make such service upon all other persons having an ownership or lien interest recorded in the office of the Superior Court Clerk or the county recording officer on the date of the filing of the complaint and upon all other persons who, pursuant to <u>N.J.S.A.</u> 54:5-104.48, as amended, have filed a notice with the tax collector specifying a title, lien, claim or interest in any of the lands sought to be affected by said complaint.  Such service shall be made in the manner provided by [<u>Rule</u>] 4:4-4(a)(1) or (c) or by simultaneously mailing to the last known address by registered or certified mail, return receipt requested, and by ordinary mail.  In addition to the foregoing, the plaintiff shall mail a copy of the notice of foreclosure, by ordinary mail, to the Attorney General.
>
> [<u>R.</u> 4:64-7(c).]

Therefore, here, service of the notice of foreclosure had to be accomplished by either <u>Rule</u> 4:4-4(a)(1) or (c).  Plaintiff claims one of its attorneys served defendant personally; defendant disputes that claim.  Plaintiff argues the fact its attorney and defendant's attorney communicated after defendant was allegedly served corroborates he had been served.  In our

6

view, the evidence plaintiff provides about the nature of those communications is not dispositive, and defense counsel claims he and plaintiff's counsel did not discuss the foreclosure action at all.

Plaintiff does not contend defendant was served in accordance with Rule 4:4-4(c).  Thus, "[w]hen notices sent to the property owner [are] returned as undelivered, additional reasonable steps [are] required under due process of law to notify the property owner."  I.E.'s, L.L.C. v. Simmons, 392 N.J. Super. 520, 530 (Law Div. 2006).  Certainly, "service by . . . posting does not meet due process requirements where the defendant's names and address are 'reasonably ascertainable.'" Ibid. (quoting New Brunswick Sav. Bank v. Markouski, 123 N.J. 402, 418-19 (1991)).

Here, there is a question of fact whether plaintiff's attorney personally served defendant with the notice to foreclose, a question the court was unable to resolve in the face of competing certifications on this issue.  Accordingly, we reverse the order denying defendant's motion to vacate the default judgment, and remand this matter for further fact-finding on the question of whether defendant was properly served.  We leave to the court's discretion whether a plenary hearing is required to resolve the disputed facts.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION